IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-00143-01-CR-W-BP |
| | ) | |
| FAHEEM L. BOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant's Motion to Suppress (Doc. #39), Defendant's Motion for an Evidentiary Hearing Pursuant to *Franks v. Delaware* (Doc. #42), and the Government's Motion to Deny as Moot Bowers's Motion to Suppress Cell Phone Evidence and Motion for a *Franks* Hearing (Doc. #93). For the reasons set forth below, it is recommended that the Government's Motion to Deny as Moot Bowers's Motion to Suppress Cell Phone Evidence and Motion for a *Franks* Hearing (Doc. #93) be granted and that Defendant's Motion to Suppress (Doc. #39) and Defendant's Motion for an Evidentiary Hearing Pursuant to *Franks v. Delaware* (Doc. #42) be denied as moot.

I. INTRODUCTION

On April 10, 2019, a Criminal Complaint was filed against defendant Faheem L. Bowers. On April 30, 2019, the Grand Jury returned a two-count Indictment against defendant Bowers. The Indictment charges the defendant with possession of cocaine with intent to distribute (Count One) and possession of marijuana with intent to distribute (Count Two).

On November 18, 2019, defendant Bowers filed four motions, a motion to suppress all evidence seized from the search of a cell phone (Doc. #39), a motion to suppress all evidence

seized from a duffel bag (Doc. #40), a motion to dismiss due to spoliation of evidence (Doc. #41), and a motion for a *Franks* hearing regarding the search warrant for the cell phone (Doc. #42).[1]

## II.  DISCUSSION

On December 7, 2020, the government filed a motion requesting the Court to find the two defense motions seeking suppression of evidence seized from defendant Bowers's cell phone (Docs. #39[2] and #42[3]) moot.  The motion states that "the Government is committing not to introduce any evidence from Bowers's cell phone, or any evidence that is the 'fruit' of evidence from Bowers's cell phone, during the Government's case-in-chief at trial."  (Doc. #93 at 2; footnote omitted.)

Defendant Bowers contends that the motions should not be found moot and that the Court should hold a hearing on these motions.  In response to the government's motion, defendant Bowers argues:

> 4.     The Defendant believes the hearings are necessary to establish that the agent in question actually searched the cell phone in question prior to obtaining a search warrant and that said illegal search undergirds its application for the search warrant for the cell phone itself and that that search led to information that was used in the grand jury to indict Mr. Bowers.
>
> 5.     The government appears to believe that simply not introducing the cell phone evidence solves the problems associated with the cell phone evidence,

---

[1]Defendant's Motion to Suppress (Doc. #40) and Defendant's Motion to Dismiss (Doc. #41) remain pending and the Court will schedule a hearing with the parties to hear evidence relating to these motions.

[2]In this Motion to Suppress, defendant Bowers "moves the Court for its Order suppressing the fruits of the search of his cell phone on April 9, 2019, both prior to and after obtaining a search warrant."  (Doc. #39 at 17.)

[3]In the Motion for an Evidentiary Hearing Pursuant to *Franks v. Delaware*, defendant Bowers seeks to "void[ ] the search warrant [for his cell phone], and exclude the fruits of the search to the same extent as if probable cause was lacking on the face of the Application."  (Doc. #42 at 19.)

2

>    but it does not. There is a good possibility that the Grand Jury would not have indicted Mr. Bowers in absence of the illegal search and seizure of his cell phone followed by a papered-over search warrant which then led the government to connect the drugs in question to the Defendant to obtain an indictment.
>
>    * * *
>
>    8. It appears the government simply does not want the Court to know the whole story lest the Court determine that Mr. Bowers' Fourth Amendment rights had been violated resulting in the suppression of the evidence and ultimately the dismissal of the Indictment.

(Doc. #100 at 2-4.)

Defendant Bowers provides no legal authority supporting his position that the Court should proceed with a hearing on motions which seek the suppression of evidence which evidence the government does not intend to use in its case-in-chief at trial. Rather, case law supports the government's position that no hearing is necessary. *See United States v. Bruce*, Cr. 15-50153-JLV, 2018 WL 447091, at *7 (D.S.D. Jan. 17, 2018) ("Mr. Bruce's desire to have the court complete a review of any post-arrest statements under *Miranda* when the government has agreed to not use any post-arrest statements in its case-in-chief is without merit."); *United States v. Hastings*, Criminal No. 11-25 (RHK/FLN), 2011 WL 2412829, at *6, 12-13 (D. Minn. May 23, 2011) (where the government represents that it does not intend to offer at trial evidence that is the subject of a motion to suppress, the motion to suppress should be denied as moot), *adopted*, 2011 WL 2393252 (D. Minn. June 13, 2011); *United States v. Mitchell*, No. 08-CR-46-LRR, 2009 WL 36605, at *2 (N.D. Iowa Jan. 5, 2009) ("when the government agrees not to offer evidence which is the subject of the motion to suppress, the common practice is to deny the motion as moot").

The Court notes that if it held a hearing on Defendant's Motion to Suppress (Doc. #39) and Defendant's Motion for an Evidentiary Hearing Pursuant to *Franks v. Delaware* (Doc. #42), the

3

best possible outcome for the defense would be that the government would be barred from introducing any evidence from the defendant's cell phone, or any evidence that is the fruit of evidence from the cell phone, during the government's case-in-chief at trial.  Given that the government has represented that it will not offer any evidence from the defendant's cell phone, or any evidence that is the fruit of evidence from the cell phone, during its case-in-chief at trial, there is no need to proceed with a hearing on these motions.

While defendant Bowers argues that "[i]t appears the government simply does not want the Court to know the whole story lest the Court determine that Mr. Bowers' Fourth Amendment rights had been violated resulting in the suppression of the evidence and ultimately the dismissal of the Indictment,"[4] it does not follow that the Court would order that the indictment be dismissed if evidence from the defendant's cell phone and any fruit thereof were suppressed.  Rather, if the Court were to order the suppression of evidence after a hearing on the defendant's motions, the government would have to present its case-in-chief at trial without that evidence.  Again, that is what the government has agreed to do here.

Defendant Bowers also argues that his motions are not moot because "suppression of the cell phone search . . . could lead this Court to suppress the seizure of the drugs themselves" as "the fruit of the tree upon which the government picked to justify seizure of the bag in question containing drugs."  (Doc. #100 at 4.)  However, it is clear from the facts presented in the defendant's motions that the duffel bag in question was seized and searched by Detectives Garcia and Lanaman at the train station prior to the time that the defendant was searched by Detective

---

[4](Doc. #100 at 4.)  The Court notes that defendant Bowers cites no legal authority to support dismissal.

Lanaman at the bus station and found to have the subject cell phone. (Doc. #39 at 5-6; Doc. #42 at 5-6.) As the drugs were seized prior to the seizure of the defendant's cell phone, the seizure of the drugs cannot be the fruit of an illegal search and seizure of the cell phone. In any event, a motion to suppress the evidence seized from the duffel bag (Doc. #40) remains pending and a hearing will be held with respect to that motion.

Finally, defendant Bowers argues that the government's motion should be denied as untimely, citing Rule 12(c)(3) of the Federal Rules of Criminal Procedure. (Doc. #100 at 4.) The Court notes that Rule 12(c)(3) deals with the deadline for making a Rule 12(b)(3) motion. The government's motion does not fall under Rule 12(b)(3), therefore, Rule 12(c)(3) is not applicable. Further, the government filed its motion shortly after learning that the defendant intended to pursue his motions relating to cell phone evidence even though the government had communicated to the Court its decision not to use the cell phone evidence in its case-in-chief. The government's motion was not untimely.

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order granting Government's Motion to Deny as Moot Bowers's Motion to Suppress Cell Phone Evidence and Motion for a *Franks* Hearing (Doc. #93). It is further

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying as moot Defendant's Motion to Suppress (Doc. #39). It is further

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying as moot Defendant's Motion for an Evidentiary Hearing Pursuant to *Franks v. Delaware* (Doc. #42).

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

        */s/ Lajuana M. Counts*
        Lajuana M. Counts
        United States Magistrate Judge