IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-00143-01-CR-W-BP |
| ) | |
| FAHEEM L. BOWERS, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) GRANTING GOVERNMENT'S MOTION TO DENY MOTIONS AS MOOT, AND (3) DENYING DEFENDANT'S MOTIONS TO SUPPRESS AND FOR HEARING PURSUANT TO *FRANKS v. DELAWARE***

Defendant has been charged with one count of possessing cocaine with intent to distribute and one count of possessing marijuana with intent to distribute. He filed (1) a Motion to Suppress, directed to evidence obtained from the search of his cell phone, and (2) a motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), in connection with his Motion to Suppress. The Government responded with a motion asking that Defendant's motions be denied as moot. The Honorable Lajuana M. Counts, United States Magistrate Judge for this District, reviewed the parties' written arguments and on January 28, 2021, she issued a Report recommending that the Government's motion be granted and that both of Defendant's motions be denied as moot. (Doc. 107.) Defendant filed a timely objection, the Government responded, and Defendant has filed a reply.[1]

---

[1] Until recently, Defendant was represented by counsel. Defendant's attorney filed the motions and the objection to Judge Counts's Report and Recommendation. Defendant, acting pro se, filed the Reply Suggestions. (Doc. 115.) On March 5, 2021, Defendant's request to represent himself was granted. (Doc. 113.) The Court makes clear that in considering the issues it has considered Defendant's pro se Reply Suggestions.

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1) and has reviewed the parties' submissions to Judge Counts and the briefing following her issuance of the Report. The Court now adopts the Report as the Order of the Court, grants the Government's motion to deny Defendant's motions as moot, and denies the Motion to Dismiss and the Motion for a *Franks* hearing. The Court's rationale is intended to augment, not replace, the Report.

The most that Defendant could obtain from his motions is an order precluding the Government from using evidence from the cellphone – but that outcome is already assured because the Government has committed that it will not use evidence obtained from Defendant's cell phone at trial. Under these circumstances, there is no value to be derived from, or need for, a judicial order. *See, e.g., United States v. Aleman*, 548 F.3d 1158, 1167 (8th Cir. 2008) (Declining to review denial of motion to suppress defendant's statements, explaining that the "challenge is moot because the government did not use any part of his statement at the trial."); *United States v. Christenson*, 549 F.2d 53, 57 n.2 (8th Cir. 1977) (Court of Appeals declined to evaluate legality of search of apartment because no evidence from the search was introduced at trial).

Defendant presents several arguments to justify a ruling despite the Government's pledge, but the Court does not find them persuasive. He contends that he might not have been arrested if the search had not occurred, but he was arrested before the cell phone was searched. Indeed, it was during the search following his arrest that his phone was found. Relatedly, Defendant suggests that there was not probable cause to arrest him without the information on the cell phone; again, the argument ignores the fact that Defendant was already arrested when the cell phone was discovered. Moreover, beyond speculating that he would not have been arrested Defendant does not separately challenge the legality of his arrest or, more importantly, challenge the discovery of any other evidence resulting from his arrest. Defendant further speculates that he would not have

2

Case 4:19-cr-00143-BP   Document 116   Filed 03/11/21   Page 2 of 4

been indicted without evidence from the cellphone because there would not have been evidence connecting him to the drugs that were found before his arrest. Assuming (without deciding) that Defendant's characterization is correct, a favorable ruling on Defendant's motions would only preclude use of the evidence at trial and would not affect the indictment.

Defendant also contends the ruling is contrary to decisions from the Eighth Circuit (notwithstanding the Eighth Circuit's actions in *Aleman* and *Christenson*, cited above). However, these decisions do not dictate a different outcome, and two of them actually support the Court's conclusion. In *United States v. Brown*, 584 F.2d 252 (8th Cir. 1978), four different search warrants were executed and three of them were challenged as lacking probable cause. With respect to two of the challenged warrants, the Eighth Circuit cited *Christenson* and held that "[t]he fruits of these latter searches were not offered into evidence by the government, and we do not consider it necessary to examine the sufficiency of the affidavits offered in their support. As evidence was not introduced as a result of these searches, there is nothing upon which the exclusionary rule can operate." *Brown*, 584 F.2d at 255 (quotation omitted). In *United States v. Walker*, 111 F.3d 136 (8th Cir. 1997), the Eighth Circuit considered the denial of the defendant's motion to suppress the results of a lineup identification but cited *Brown* to hold that the defendant's "motion to suppress physical evidence is moot as the challenged physical evidence was not introduced at trial." *Walker*, 111 F.3d at *1 n.2.

Defendant correctly observes that in *United States v. Boston*, 494 F.34d 660 (8th Cir. 2007), the Eighth Circuit considered a motion to suppress that was alleged to be moot because the charges supported by the challenged evidence had been dismissed. But the rationale does not apply here; the court held "that the issue is not moot because the evidence may have been considered in imposing the special conditions of supervised release about which Boston complains." *Boston*,

494 F.3d at 666. Thus, the motion was not moot because the evidence in question had a role in subsequent stages of the case.² The situation described in *Boston* is not present here.³

Defendant already has all the relief he could hope to obtain from his motions and a further ruling from the Court would have no practical effect. This renders his motions moot. Therefore, the Court **OVERRULES** Defendant's objections, (Doc. 109), **ADOPTS** Judge Counts's Report and Recommendation, (Doc. 107), as the Order of the Court, **GRANTS** the Government's motion to deny Defendant's motions as moot, (Doc. 93), and **DENIES** the Motion to Suppress, (Doc. 39), and the Motion for a *Franks* hearing, (Doc. 42).

The Clerk of Court shall mail a copy of this Order to:

Faheem Bowers
34019-045
Leavenworth Detention Center
100 Highway Terrace
Leavenworth, KS 66048

**IT IS SO ORDERED.**

DATE: March _11_, 2021

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

² The Government contends that *Boston* is not controlling because the "decision apparently failed to recognize the principle that the exclusionary rule does not apply at sentencing." (Doc. 110, p. 7.) The Court need not consider this argument.

³ Defendant also emphasizes the Supreme Court's decision in *Riley v. California*, 573 U.S. 373 (2014), which addresses the need to obtain a warrant before searching a cell phone. While *Riley* is relevant to the substantive issues involving the search's legality, it has no bearing on whether the issue is moot given that evidence from the cell phone will not be used at trial.